GUNSTEN, Appellant, vs. GORDON and another, Respondents.

*March 24—April 13, 1915.*

*Principal and agent: Evidence of agency: Sufficiency: Statements of alleged agent not competent: Special verdict: Waiver of jury trial as to certain questions: Findings by court.*

1. Statements of a person when making a contract that he was agent for another person are not competent evidence of agency in an action on such contract against the supposed principal.
2. In an action for the purchase price of horses alleged to have been bought for defendants by a third person acting as their agent, a finding by the jury that such person was defendants' agent is *held* not to be supported by any competent evidence and hence was properly set aside by the trial court.
3. No findings by the jury on the question of estoppel or of ratification by defendants of the contract sued on having been requested by plaintiff, a jury trial on such questions was waived; and a finding thereon by the trial court in defendants' favor, not being against the preponderance of the evidence, cannot be disturbed.

APPEAL from a judgment of the circuit court for Waupaca county: BYRON B. PARK, Circuit Judge. *Affirmed.*

This is an action upon express contract. The complaint sets forth two causes of action; the first for the purchase price of two colts alleged to have been sold by plaintiff to the de-

fendants through one Orrin Loomis acting as defendants' agent; the second is for the value of a horse owned by plaintiff and taken and sold by defendants without plaintiff's authority.

The answer is a general denial as to both causes of action. The claim is for $268, the purchase price of two colts and interest, under the first cause of action, and $50 with interest under the second cause of action.

The issues upon this appeal relate only to the first cause of action. The principal issue contested on the trial under the first cause of action was whether Loomis, in purchasing the team of colts from plaintiff, bought them for himself or for the defendants as their agent, and the main issue on this appeal is whether there is sufficient evidence in the record to support the finding of the jury that Loomis was the agent of the defendants. The jury found (1) that at the time of the sale of the colts Loomis was the agent of the defendants; and (2) that plaintiff sold the colts to defendants through Loomis acting as their agent. The court set aside the first finding of the jury, and judgment went against plaintiff on the first cause of action and in his favor on the second cause of action. Plaintiff appeals from said judgment because of the insufficiency thereof, namely, because he was defeated on the first cause of action for the purchase price of the colts.

For the appellant there was a brief by *Fisher, Hanna & Cashin,* and oral argument by *W. E. Fisher.*

For the respondents there was a brief by *John C. Hart,* and oral argument by *B. R. Goggins.*

KERWIN, J.    The main question here is whether the evidence is sufficient to support the answer to the first question of the special verdict, namely, that Loomis acted as agent of defendants in purchasing the colts in question. The trial court held that the answer to the first question was not sup-

ported by evidence and changed it from "Yes" to "No," and we cannot say that the court below was in error in so doing. There was very little pertinent evidence on the question of agency. Counsel for appellant cite us to some facts and circumstances from which they claim a jury could legitimately infer an agency.

The evidence seems consistent with the idea that Loomis was buying and selling horses on his own account. It appears that plaintiff relied upon statements of Loomis to the effect that he, Loomis, was the agent of defendants. This evidence was clearly incompetent. *Ætna Ins. Co. v. Northwestern I. Co.* 21 Wis. 458; Mechem, Agency (2d ed.) § 285. Both of the defendants testified that Loomis never acted as agent for them and that they never authorized him to buy any horses for them, and there is no competent evidence to the contrary.

Counsel relies strongly upon evidence of one Mahanna to the effect that defendant *Byron Gordon* said to Loomis that if he found any horses worth the money to buy them, and claims that this evidence is capable of the construction that it authorized Loomis to buy horses for defendants. But it appears Mahanna did not hear all of the conversation between *Gordon* and Loomis, and *Gordon* testified that he merely told Loomis that if he found any horses that looked cheap he would buy them. The evidence is all consistent with the idea that what was said between Loomis and *Gordon* did not amount to an authorization of Loomis to act as the agent of defendants in buying horses for them. There is considerable evidence in the case tending to show that no agency existed between defendants and Loomis, and we are convinced that there was not sufficient evidence to support the answer of the jury to the first question of the special verdict.

Counsel for appellant seem to rely upon ratification and estoppel, and insist that the defendants ratified the purchase

by Loomis on their credit, and that defendants should be estopped to deny the statements and representations made by Loomis as to his agency.

Under this head it is sufficient to say that appellant did not ask that these questions be submitted to the jury, so a jury trial thereon was waived. Sec. 2858m, Stats. The finding of the court below against the appellant's contention on waiver and estoppel cannot be disturbed, because the preponderance of the evidence is not against such finding. Upon the whole record we are satisfied that the judgment below should not be disturbed.

*By the Court.*—The judgment is affirmed.